**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) Clyde Scott,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>1) Monarch Recovery Management, Inc.,<br><br>　　　　　Defendant. | Civil Action No.: 19-cv-433-TCK-JFJ<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Clyde Scott, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Clyde Scott ("Plaintiff"), is an adult individual residing in Tulsa, Oklahoma, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Monarch Recovery Management, Inc. ("Monarch"), is a Pennsylvania business entity with an address of 10965 Decatur Road, Philadelphia, Pennsylvania 19154, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Monarch for collection, or Monarch was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Monarch Engages in Harassment and Abusive Tactics**

10. Within the last year, Monarch began calling Plaintiff's cellular telephone number 918-xxx-3233, using an automatic telephone dialing system ("ATDS"), in an attempt to collect the Debt.

11. When Plaintiff answered calls from Monarch, he heard silence and had to wait on the line before he was connected to the next available representative.

12. On or about May 16, 2019, Plaintiff spoke with a live representative and informed Monarch he was on social security and disability and requested Monarch cease placing calls to him.

13. Nevertheless, Monarch continued to place automated calls to Plaintiff's cellular telephone number in an attempt to collect the Debt.

14. Such action caused Plaintiff a great deal of frustration and distress.

### C. Plaintiff Suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq*.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

19. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. At all times mentioned herein, Defendants called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

28. Defendants' telephone system(s) have some earmarks of a predictive dialer.

29. When Plaintiff answered calls from Defendants, he heard silence before Defendants' telephone system would connect him to the next available representative.

30. Defendants' predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31. Defendants placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

32. The telephone number called by Defendants was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

33. Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

34. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;
3. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);
4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
5. Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;
6. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

Dated: August 6, 2019

                                                         Respectfully submitted,

                                                         By  */s/ Sergei Lemberg*

                                                         Sergei Lemberg, Esq.
                                                         LEMBERG LAW, L.L.C.
                                                         43 Danbury, 3rd Floor
                                                         Wilton, CT 06897
                                                         Telephone: (203) 653-2250
                                                         Facsimile:  (203) 653-3424
                                                         E-Mail: slemberg@lemberglaw.com
                                                         Attorneys for Plaintiff